**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EVELIA RODRIGUEZ; ERIKKA WILSON; AND A.N., A MINOR; on behalf of themselves and all others similarly situated, | Case No. 1:23-cv-04953 |
| Plaintiffs, | Judge Sharon Johnson Coleman |
| v. | |
| BYTEDANCE, INC.; BEIJING DOUYIN INFORMATION SERVICE CO. LTD. F/K/A BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; BYTEDANCE LTD.; BYTEDANCE PTE. LTD.; BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; AND TIKTOK, INC. F/K/A MUSICAL.LY, INC., | |
| Defendants. | |

**NEW CASE STATUS REPORT**

Pursuant to the Court's August 1, 2023 Order [Doc. 5], Plaintiffs Evelia Rodriguez, Erikka Wilson and A.N., a minor ("Plaintiffs") file this Status Report.

**1.      Nature of the Case:**

<u>Attorneys of Record</u>.  The attorneys of record for Plaintiffs are listed below.  As discussed further below, Plaintiffs have agreed not to serve Defendants while the parties explore resolution of the case through mediation or otherwise.  Accordingly, counsel for Defendants have not yet entered an appearance in the case.

*Plaintiffs*

Steve W. Berman (lead trial attorney)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeannie Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4952
jeannie@hbsslaw.com

Douglas G. Smith
AURELIUS LAW GROUP LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 451-6708
dsmith@aureliuslawgroup.com

<u>Nature of the Claims</u>.  Plaintiffs in this class action allege that Defendants' video editing app, CapCut, collected, retained, and disseminated their private and personally identifiable data and information in violation of various data privacy laws and consumer protections.  The CapCut app began as a clone of Jianying, a Chinese video-editing app rolled out in China a year before

CapCut was launched in the United States in 2020. The CapCut app allows users to create, edit and customize videos, which they may then post online on a number of different social media platforms such as Instagram, Facebook, YouTube, and TikTok, the social media platform run by Defendants.

The CapCut app has become extremely popular; it is routinely among the top apps in rankings of weekly downloads in the United States and had more than 400 million downloads globally last year alone, making it the fourth most frequently downloaded app in the world. As a result, the CapCut app now has more than 200 million monthly active users and is experiencing exponential growth.

Defendant ByteDance and its affiliates have recently become the subject of significant public scrutiny for their alleged failure to protect the privacy of user data. Among other things, they have been assessed hundreds of millions of dollars in fines for data privacy violations by various government entities, and their apps have been the subject of government-imposed restrictions and outright bans due to the privacy risks they pose.

The complaint alleges that Defendants collected, retained, and disseminated private and personally identifiable information from CapCut users in violation of statutory, constitutional, and common law privacy, data, biometrics and consumer protections. The complaint asserts nine separate causes of action: 1) Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq.; 2) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; 3) Violation of the California Comprehensive Data Access and Fraud Act, Cal. Pen. C. § 502; 4) Violation of the Right to Privacy under the California Constitution; 5) Intrusion Upon Seclusion; 6) Violation of the California Unfair Competition Law, Bus. & Prof. C. §§ 17200 et seq.; 7)

Violation of the California False Advertising Law, Bus. & Prof. C. §§ 17500 et seq.; 8) Unjust Enrichment; and 9) Violation of Applicable Consumer Protection Statutes.

<u>Major Legal and Factual Issues</u>. Issues in this lawsuit include the following:

- Whether Defendants acted unlawfully, as alleged in the complaint;
- Whether Plaintiffs are entitled to restitution, injunctive and declaratory relief, including whether Defendants should be enjoined from continuing their data collection, transmission, and other practices and be required to delete the draft videos, voiceprints, biometric and other data they already obtained from CapCut users;
- Whether Plaintiffs sustained damages as a result of Defendants' activities and practices referenced in the complaint, and, if so, in what amount;
- Whether Defendants profited from the unlawful activities and practices referenced in the complaint, and, if so, in what amount; and
- Whether the Court should certify the proposed class and subclass.

<u>Relief Sought</u>. Plaintiffs seek both damages and injunctive relief, including:

- The greater of actual damages or statutory damages of $5,000 for each intentional or reckless violation or $1,000 for each negligent violation of BIPA;
- Actual damages resulting from Defendants' unlawful conduct;
- Punitive damages;
- Disgorgement of Defendants' unjust gains;
- Attorneys' fees, costs, and expenses; and
- Injunctive and declaratory relief, including:
  - an order enjoining Defendants from taking CapCut users' private draft videos and biometric identifiers and information without adequate advance notice to, and the prior written consent of, such CapCut users or their legally authorized representatives (and, for the Illinois Subclass, without being in compliance with BIPA);
  - an order enjoining Defendants from transmitting CapCut user data and content to China or to other locations or facilities where such CapCut user data and content is accessible from within China;
  - an order enjoining Defendants from taking physical/digital location tracking data, device ID data, personally identifiable data and any other CapCut user data and content except that for which appropriate notice and consent is provided and which Defendants

    can show to be reasonably necessary for the lawful operation of the CapCut app in the United States;

  o an order directing Defendants to recall and destroy the CapCut user data and content already taken in violation of law;

  o an order directing Defendants to implement protocols to ensure that no CapCut user data and content is transmitted to, or otherwise accessible from within, China.

<u>General Status of the Case</u>.  Plaintiffs filed the complaint on July 28, 2023.  Since that time, the parties have initiated discussions on whether they can resolve the case consensually.  In order to facilitate those discussions and related investigations, Plaintiffs have agreed to hold off on serving the U.S. and Singapore-based Defendants (ByteDance, Inc., TikTok, Inc., and ByteDance Pte. Ltd.), and Defendants have agreed to waive service with respect to those three Defendants on October 25, 2023, within the 90-day period provided for under Federal Rule of Civil Procedure 4(m).  Plaintiffs have also indicated they will temporarily hold off serving the other Defendants.

The parties have further agreed that the three Defendants that have agreed to waive service shall have 90 days after October 25, 2023—until January 23, 2024—to move to dismiss or otherwise respond to the complaint, during which time the parties will explore the possibility of an early resolution through mediation or otherwise.

  **2.** **Pending Motions**

There are currently no pending motions or previously set deadlines.

  **3.** **Proposed Discovery Schedule**

<u>General Type of Discovery Required</u>.  Discovery in this case will include technical information regarding the CapCut app, including source code for the app, network traffic logs showing information sent to and received from the app, and user data descriptions.  In addition,

discovery will include internal communications and documentation from the files of those involved with designing and operating the app. Discovery will also include depositions of Defendants' personnel who are knowledgeable about the app, and in particular user data collected through the app, as well as experts who can provide testimony regarding the technical aspects of the app and whether it adequately protects the privacy of users' data.

Proposed Schedule. The parties have agreed that so long as they are exploring mediation or other means of consensually resolving the case, Defendants ByteDance, Inc., TikTok, Inc., and ByteDance Pte. Ltd. need not respond to the complaint until January 23, 2024. The parties will approach the Court for entry of a discovery schedule by January 23, 2024 in the event it becomes apparent that no consensual resolution can be achieved.

4. **Trial**

Plaintiffs have demanded a jury trial. Plaintiffs anticipate that a trial of these claims will last approximately one week, but the estimated length may change based on discovery and other factors.

5. **Status of Settlement Discussions**

As discussed above, the parties have initiated discussions regarding whether this lawsuit can be resolved consensually. At this time, Plaintiffs do not request a settlement conference or mediation.

6. **Consent to Proceed Before the Magistrate Judge**

Plaintiffs do not consent to proceed before a Magistrate Judge for all purposes pursuant to Federal Rule of Evidence 73.

- 6 -

DATED:  September 27, 2023

*Counsel for Plaintiffs*


By *s/ Steve W. Berman*


Steve W. Berman (Bar No. 3126833)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeannie Evans (Bar No. 6296339)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4952
jeannie@hbsslaw.com

Douglas G. Smith
AURELIUS LAW GROUP LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 451-6708
dsmith@aureliuslawgroup.com

- 7 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorneys of record for each party through the Court's electronic filing service on September 27, 2023, which will send notification of such filing to the e-mail addresses registered.

Dated this 27th day of September 2023.

                                                                            *s/ Steve W. Berman*