**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVELIA RODRIGUEZ; ERIKKA WILSON; A.N., A MINOR; AIDEN GUNDLACH; ZACHARY BUCKUS; RAYMON MARINES; AND J.V., A MINOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BYTEDANCE INC.; BEIJING DOUYIN INFORMATION SERVICE CO. LTD. F/K/A BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; BYTEDANCE LTD.; BYTEDANCE PTE. LTD.; BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; AND TIKTOK INC. F/K/A MUSICAL.LY INC.,<br><br>Defendants. | Case No. 1:23-cv-04953<br><br>Judge Sharon Johnson Coleman |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING THEIR PENDING MOTION TO DISMISS**

Defendants ByteDance Inc., ByteDance Ltd., ByteDance Pte. Ltd., and TikTok Inc. ("Defendants") respectfully seek leave to submit as supplemental authority two recent decisions that bear on Defendants' pending Motion to Dismiss (ECF No. 30, 31) as it relates to Plaintiffs' claims brought under the Illinois Biometric Information Privacy Act ("BIPA"): *Martell v. X Corp.*, No. 1:23-cv-05449, ECF No. 32 (N.D. Ill. June 13, 2024) (attached as Ex. 1) and *Zellmer v. Meta Platforms, Inc.*, No. 22-16925, ECF No. 51-1 (9th Cir. June 17, 2024) (slip op.) (attached as Ex. 2). Both decisions directly support Defendants' position in this litigation that data regulated by

BIPA as a "biometric identifier," including "scan[s] . . . of face geometry," must be capable of identifying a person. In further support of their motion, Defendants state as follows:

1. Defendants have moved to dismiss Plaintiffs' BIPA claims on the ground that the Amended Complaint fails to plausibly allege "that Defendants extract data from images of their faces or their voice recordings that can be used by Defendants to *identify* Plaintiffs." ECF No. 31 ("Mot.") at 27 (emphasis in original); *see id.* at 27-32. In response, Plaintiffs assert that "the statutory definition of 'biometric identifiers' contains such no requirement" for identification. ECF No. 36 ("Opp."). This is a disputed issue of law that goes to the meaning of BIPA, and thus the proper legal framework for evaluating Defendants' Motion to Dismiss.

***Martell v. X Corp.*** **(N.D. Ill.)**

2. On June 13, 2024, Judge Harjani of this District issued a memorandum and opinion order in *Martell v. X Corp.*, No. 1:23-cv-05449, dismissing the plaintiff's BIPA claims. The court held that "under a plain reading of BIPA, Plaintiff must allege that the biometric identifier can be used to identify an individual." Ex. 1 at 5. As the court observed, "the term itself includes the word identifier," which means "one that identifies." *Id.* at 4-5 (citing Merriam-Webster's Unabridged Dictionary and Black's Law Dictionary (11th ed. 2019)). Further, "[c]ontrary to Plaintiff's arguments, courts have routinely held that a biometric identifier is 'a biology-based set of measurements ('biometric') that can be used to identify a person ('identifier')." *Id.* at 6 (quoting *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017)).

3. *Martell* adds to the majority of courts in the Northern District of Illinois that have held, consistent with Defendants' position, that "biometric identifier" (as the term is used in BIPA) refers to specific categories of biometric data that are capable of identifying a person. *See* Mot. at 27-28 (citing authority); ECF No. 38 ("Reply") at 18 n.9 (citing additional authority).

***Zellmer v. Meta Platforms, Inc.* (9th Cir.)**

4. On June 17, 2024, a three-judge panel of the U.S. Court of Appeals for the Ninth Circuit issued its unanimous decision in *Zellmer v. Meta Platforms, Inc.*, No. 22-16925. The court affirmed summary judgment granted to the defendant, and similarly held as a matter of law that "scans of face geometry . . . are not covered by BIPA if they cannot identify a person." Ex. 2 at 12. The court's holding was compelled by: (1) the ordinary meaning of the term "biometric identifier," because an "identifier" is something "that identifies," *id.* at 13; (2) the fact that each "biometric identifier" listed in the statute, such as a "fingerprint" and a "voiceprint," can be used to identify a person, and "scan of face geometry" must be read in light of that "unifying theme," *id.* at 14–15; (3) BIPA's context and structure, *id.* at 14; and (4) the fact that "[o]ther courts have interpreted BIPA and reached the same conclusion," *id.*

5. In their briefing, Plaintiffs relied on contrary lower-court decisions from within the Ninth Circuit, such as *Colombo v. YouTube, LLC*, 679 F. Supp. 3d 940 (N.D. Cal. 2023). *See* Opp. at 36. In light of the Ninth Circuit's opinion in *Zellmer*, which has been designated for publication, *Colombo*—and any other decision following its reasoning—is no longer good law.

6. In summary, *Martell* and *Zellmer* confirm that Plaintiffs must plausibly allege the collection of *identifying* data based on their faces and voices to state a claim under BIPA, and Plaintiffs have failed to do so for the reasons stated in Defendants' briefing.

WHEREFORE, Defendants respectfully request that this Court grant leave for Defendants to file the attached supplemental authority in support of their Motion to Dismiss.

Dated: June 18, 2024

By: /s/ Anthony J Weibell

Anthony J Weibell
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com

J. Gregory Deis
Melissa A. Anyetei
Lucia Nale
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
gdeis@mayerbrown.com
manyetei@mayerbrown.com
lnale@mayerbrown.com
mprovance@mayerbrown.com

*Counsel for Defendants ByteDance Inc., TikTok Inc., ByteDance Pte. Ltd., and ByteDance Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 18, 2024, the foregoing Motion for Leave to Submit Notice of Supplemental Authority was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

/s/ *Anthony J. Weibell*
Anthony J. Weibell