**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EVELIA RODRIGUEZ; ERIKKA WILSON; A.N., A MINOR; AIDEN GUNDLACH; ZACHARY BUCKUS; RAYMON MARINES; AND J.V. A MINOR on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BYTEDANCE, INC.; BEIJING DOUYIN INFORMATION SERVICE CO. LTD. F/K/A BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; BYTEDANCE LTD.; BYTEDANCE PTE. LTD.; BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; AND TIKTOK, INC. F/K/A MUSICAL.LY, INC.,

Defendants.

Case No. 1:23-CV-04953

Judge Georgia N. Alexakis

**PLAINTIFFS' MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully seek leave to cite the following supplemental authority in opposition to Defendants' motion to dismiss (ECF 31).

1. *Indiana v. TikTok Inc.,* No. 23A-PL-3111, -- N.E.3d --, 2024 WL 4340387 at * 12 (Ind. Ct. App. Sept. 30, 2024) (Ex. A). The Indiana Court of Appeals ruled that the State of Indiana properly stated a claim against Defendant TikTok under Indiana's Deceptive Consumer Sales Act (DCSA) based on TikTok's failure to adequately disclose, among other things, "that the government of China would have access to TikTok's collected personal data." *Id*. This decision

overrules the trial court decision cited on page 1 of Defendants' Memorandum in Support of the Motion to Dismiss (ECF 31, at 1); *see also* 4/30/24 Pl. Resp., ECF 36, at 2 n.3).

2. *In re: TikTok, Inc. In-App Browser Privacy Litigation*, MDL 2948-A, 2024 WL 4367849 (N.D. Ill. Oct. 1, 2024) (Ex. B). The Northern District of Illinois denied Defendant TikTok's motion to dismiss claims under the Electronic Communications Privacy Act (federal Wiretap Act), state wiretap acts including CIPA, and for unjust enrichment in data privacy litigation involving the TikTok app. These causes of action are addressed at pages 14-17 and 26 of Defendants' Memorandum (ECF 31) and pages 19-22 and 31 of Plaintiffs' Opposition (ECF 36).

3. *Calhoun v. Google, LLC*, 113 F.4th 1141 (9th Cir. 2024) (Ex. C). The Ninth Circuit reviewed a trial court decision cited on page 5 n.6 of Plaintiffs' Opposition (ECF 36). The appellate court held that summary judgment could not be granted on the issue of consent due to "disputes of material fact regarding whether 'reasonable' users of Google's product consented to Google's data collection processes," *id.* at 1151, observing that "[t]he parties agree that consent is 'an affirmative defense for which defendant bears the burden of proof,'" *id.* at 1147.

Dated: October 11, 2024

Respectfully submitted,

By: */s/ Jeannie Evans*

Jeannie Evans (Bar No. 6296339)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4952
jeannie@hbsslaw.com

Steve W. Berman (Bar No. 3126833)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Douglas G. Smith
ALPHEUS LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 451-6708
dsmith@aureliuslawgroup.com

*Counsel for Plaintiffs and the Class*