**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVELIA RODRIGUEZ; ERIKKA WILSON; A.N., A MINOR; AIDEN GUNDLACH; ZACHARY BUCKUS; RAYMON MARINES; J.V., A MINOR; DOMINICK POLIZZI; AND ROBERT KOPLOS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BYTEDANCE INC.; BEIJING DOUYIN INFORMATION SERVICE CO. LTD. F/K/A BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; BYTEDANCE LTD.; BYTEDANCE PTE. LTD.; BEIJING BYTEDANCE TECHNOLOGY CO. LTD.; AND TIKTOK INC. F/K/A MUSICAL.LY INC.,<br>Defendants. | Case No. 1:23-cv-04953<br><br>Judge Georgia N. Alexakis |

**DEFENDANTS BYTEDANCE INC., BYTEDANCE LTD., BYTEDANCE PTE. LTD., AND TIKTOK INC.'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON CHINA-BASED DEFENDANTS**

Defendants ByteDance Pte. Ltd. ("BDPL"), ByteDance Inc. ("BDI"), ByteDance Ltd. ("BDL"), and TikTok Inc. ("TTI") (collectively "Defendants") respectfully move for leave to file a *1-page* surreply to correct Plaintiffs' inaccurate characterization of the record cited for the first time in their reply in support of their motion for alternative service. In support, Defendants state the following:

1. "The decision whether to grant a motion for leave to file a surreply is within the Court's discretion." *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014).

2. Plaintiffs' reply presents an inaccurate factual claim concerning the parties' discussion about service that was not presented in their motion.

3. To protect their "right to be heard" and "provide[] the [C]ourt with the information necessary to make an informed decision," *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005), Defendants respectfully request that the Court exercise its discretion and consider their surreply.

4. Allowing Defendants to file their proposed surreply will allow Defendants to correct Plaintiffs' mischaracterizations of the record that Defendants have not had an opportunity to address. *See Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (noting that courts permit surreplies "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief").

5. Accordingly, Defendants respectfully request that the Court GRANT their motion and allow Defendants to file the attached proposed surreply. ***See*** **Ex. A.**

Date: June 12, 2025

*By: /s/ Anthony J Weibell*

Anthony J Weibell
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com

Sophia M. Mancall-Bitel
MAYER BROWN LLP
333 S. Grand Ave. 47th Floor
Los Angeles, CA 90071
(213) 229-9500
smancall-bitel@mayerbrown.com

J. Gregory Deis
Matthew D. Provance
Anastasiya Lobacheva
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
gdeis@mayerbrown.com
mprovance@mayerbrown.com
alobacheva@mayerbrown.com

*Counsel for Defendants ByteDance Inc., TikTok Inc., ByteDance Pte. Ltd., and ByteDance Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party through the Court's electronic filing service on June 12, 2025, which will send notification of such filing to the e-mail addresses registered.

Dated: June 12, 2025

*/s/ Anthony J Weibell*