**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVELIA RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BYTEDANCE INC., et al.,<br><br>Defendants. | Case No. 1:23-cv-04953<br><br>Judge Georgia N. Alexakis<br><br>Magistrate Judge Laura K. McNally |

**ORDER**

Before the Court is Plaintiffs' Motion to Compel ("Motion") Production of Documents Responsive to Plaintiffs' First Requests for Production ("Requests") against Defendants ByteDance Inc., ByteDance Ltd., ByteDance Pte. Ltd., and TikTok Inc. (collectively, "Defendants").

For the reasons stated on the record during the hearing on January 29, 2026, the Court rules as follows:

General Objection No. 5: Plaintiffs' Motion to compel production of documents created before the CapCut app was released in the U.S. on April 16, 2020 or after the date the Class Action Complaint (Dkt. 1) was filed on July 28, 2023 is GRANTED in part and DENIED in part. The Court finds that in general certain Requests may warrant an earlier starting date to include relevant documents that predate the release of the CapCut app. The Court also finds that in general, July 28, 2023 is a reasonable end date

for the Requests, but that certain Requests may warrant a later end date. If Plaintiffs believe that any Request warrants a different start or end date than described above, they shall propose such dates to Defendants by February 5, 2026, on a Request-by-Request basis. Defendants shall respond to Plaintiffs' proposal by February 12, 2026.

General Objection No. 8: Plaintiffs' objection to Defendants' General Objection No. 8 regarding the redaction of private information is OVERRULED without prejudice. At this stage of the proceedings before a class has been certified, Defendants may redact personal private information that would impinge on any protective right to privacy of individuals under any statute, constitution or common law, including, without limitation, the Stored Communications Act, 18 U.S.C. §§ 2701 *et. seq*., subject to conferral beforehand as to the scope of redaction.

General Objection 11: Plaintiffs' objection to Defendants' General Objection No. 11 regarding discovery applicable only to claims no longer remaining in the case is OVERRULED. Plaintiffs may seek documents and information that are relevant to the remaining claims that survived the Court's dismissal orders (the "Remaining Claims").

RFP No. 1: Plaintiffs' Motion is GRANTED as to RFP No. 1, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

RFP No. 3: Plaintiffs' Motion is GRANTED in part as to RFP No. 3, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

Defendants need not produce actual data in Defendants' databases in response to RFP No. 3.

RFP No. 4: Plaintiffs' Motion is GRANTED as to RFP No. 4, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

RFP No. 5: Plaintiffs' Motion is GRANTED as to RFP No. 5, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

RFP No. 6: Plaintiffs' Motion is DENIED as to RFP No. 6.

RFP No. 7: Plaintiff's Motion is GRANTED as to RFP No. 7, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

RFP No. 8: Plaintiff's Motion is GRANTED as to RFP No. 8, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

RFP No. 9: Plaintiff's Motion is GRANTED as to RFP No. 9, subject to any categories of documents and information irrelevant to the Remaining Claims that the Parties may agree, or the Court may order, to be carved out from this Request.

RFP No. 10: Plaintiff's Motion is GRANTED in part and DENIED in part as to RFP No. 10. Defendants shall produce documents responsive to RFP No. 10 to the extent they concern the CapCut app. Documents otherwise responsive to this request

but which concern only the TikTok app need not be produced. The parties have agreed that the act of production of documents by Defendants in response to this Request shall not constitute or be construed as an admission that the types of data described in the documents constitute biometric identifiers or biometric information or that Defendants possess, collect, capture, purchase, receive through trade, or otherwise obtain biometric identifiers or biometric information under relevant statutes, including the Biometric Information Privacy Act, 740 Ill. Comp. Stat. Ann. 14/10.

RFP No. 11: Plaintiffs' Motion is GRANTED in part and DENIED in part as to RFP No.11. Defendants shall produce all current and prior versions of the CapCut Creator Terms of Service. Plaintiffs' Request for all versions of the CapCut website is overbroad. Plaintiffs shall propose to Defendants specific parts of CapCut website that they believe are relevant to the Remaining Claims and proportional to the needs of the case by February 5, 2026. Defendants shall respond to Plaintiffs' proposal by February 12, 2026. Plaintiffs' Request for documents regarding proposed or implemented changes to CapCut policies, terms and website is denied, without prejudice to Plaintiffs' ability to ask for such information in a more targeted fashion in a new discovery request.

RFP No. 12: Plaintiffs' Motion is GRANTED in part and DENIED in part as to RFP No. 12. The Motion is granted only to the extent it seeks current and prior versions of the TikTok privacy policy. Plaintiffs' Request for documents regarding proposed or implemented changes to the TikTok privacy policy is denied.

RFP No. 13: Plaintiffs' Motion is GRANTED in part and DENIED in part as

to RFP No. 13. Defendants shall produce documents discussing whether to add disclosures regarding biometric identifiers or biometric information in the TikTok privacy policy or other video editors' privacy policies to CapCut's privacy policy. The Motion with respect to RFP No. 13 is otherwise denied.

RFP No. 14: Plaintiffs' Motion is GRANTED in part as to RFP No. 14 as follows: Defendants shall produce documents regarding marketing of the CapCut app that reference data privacy. The Motion with respect to RFP No. 14 is otherwise denied.

RFP No. 15: Plaintiffs' Motion is GRANTED as to RFP No. 15.

RFP No. 16: Plaintiffs' Motion is DENIED as to RFP No. 16.

RFP No. 17: Plaintiffs' Motion is DENIED as to RFP No. 17.

RFP Nos. 18: Plaintiffs' Motion is DENIED as to RFP No. 18. Plaintiffs may propose to Defendants an amended request narrowly tailored to seek documents relevant to the Remaining Claims and proportional to the needs of the case by February 5, 2026. Defendants shall respond to Plaintiffs' proposal by February 12, 2026.

RFP No. 20: Plaintiffs' Motion is DENIED as to RFP No. 20. Plaintiffs may propose to Defendants an amended request narrowly tailored to seek documents relevant to the Remaining Claims and proportional to the needs of the case by February 5, 2026. Defendants shall respond to Plaintiffs' proposal by February 12, 2026.

RFP No. 21: Plaintiffs' Motion is DENIED as to RFP No. 21. Plaintiffs may propose to Defendants an amended request narrowly tailored to seek documents relevant to the Remaining Claims and proportional to the needs of the case by February

5, 2026. Defendants shall respond to Plaintiffs' proposal by February 12, 2026.

RFP No. 22: Plaintiffs' Motion is DENIED as a standalone request, but materials responsive to other requests must be produced.

RFP No. 23: Plaintiffs' Motion is DENIED as to RFP No. 23 to the extent it seeks documents beyond the scope agreed to by Defendants: agreements between CapCut and third parties that concern access or storage of U.S. CapCut user data, to the extent such documents can be identified after a reasonable search.

RFP No. 24: Plaintiffs' Motion is GRANTED as to RFP No. 24.

RFP No. 25: Plaintiffs' Motion is GRANTED in part and DENIED in part as to RFP No. 25. The Request is denied to the extent it seeks documents beyond the scope agreed to by Defendants: documents sufficient to show revenues or profits generated by the CapCut app in the United States. This Request is denied to the extent it seeks documents that relate to revenues or profits obtained by Defendants through the TikTok app. Plaintiffs may propose to Defendants an amended request that includes documents sufficient to show revenues or profits obtained by Defendants through the TikTok app using U.S. CapCut user data by February 5, 2026. Defendants shall respond to Plaintiffs' proposal by February 12, 2026.

RFP No. 26: Plaintiffs' Motion is GRANTED in part and DENIED in part as to RFP No. 26. Defendants shall produce documents discussing the value of U.S. CapCut user data collected by the CapCut app. The Motion with respect to RFP No. 26 is otherwise denied.

RFP No. 30: Plaintiffs' Motion is GRANTED in part and DENIED in part as to RFP No. 30. Defendants shall produce documents relating to the named plaintiffs in this lawsuit, including documents reflecting payments made by the named plaintiffs for CapCut services, data collected from the named plaintiffs, and the named plaintiffs' use of the CapCut app. The Request is denied with respect to documents concerning the TikTok app, to the extent such documents do not also concern the CapCut app.

RFP Nos. 31, 32: Plaintiffs' Motion is DENIED as to RFP Nos. 31 and 32.

RFP No. 33: Plaintiffs' Motion is DENIED as to RFP No. 33 to the extent it seeks documents beyond the scope agreed to by Defendants: non-privileged portions of minutes, agendas, and presentations from meetings of the Board of directors, if any, related to the alleged data collection from U.S. CapCut users.

RFP No. 37: Plaintiffs' Motion is GRANTED in part as to RFP No. 37. Defendants shall produce documents sufficient to identify other lawsuits or other administrative actions involving CapCut and data privacy.

RFP No. 38: Plaintiffs' Motion is DENIED as to RFP No. 38.

The Court further orders that:

(1) By February 5, 2026, Defendants shall propose to Plaintiffs any categories of documents and information that should be carved out from RFP Nos. 1, 3, 4, 5, 7, 8, 9;

(2) By February 5, 2026, Plaintiffs shall propose to Defendants: (a) dates for any Requests that Plaintiffs believe warrant a starting date prior to April

16, 2020, or an ending date after July 28, 2023; (b) specific parts of the CapCut website they believe are relevant to the Remaining Claims and proportional to the needs of the case under RFP No. 11; and (c) any amendments to RFP Nos. 18, 20, 21, and 25.

(3) By February 12, 2026, the Parties shall respond to the proposals sent by the other party under (1) and (2);

(4) By February 17, 2026, the Parties shall submit a joint filing that includes a chart showing the Parties' counterproposals for any remaining disputes with respect to the Requests. The Parties shall submit a joint status report if there are no remaining disputes with respect to the Requests.

So Ordered.

Dated:2/3/2026

Laura K. McNally

Hon. Laura K. McNally
UNITED STATES MAGISTRATE JUDGE